UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYLER HARRIS,<br>     Plaintiff(s),<br>v.<br>MAX FANTOZZI,<br>     Defendant(s). | Case No. 2:25-cv-00259-CDS-NJK<br>**ORDER** |

Plaintiff is proceeding *pro se* and filed an application to proceed *in forma pauperis*. Docket No. 1. On February 7, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed on venue grounds, or transferred to the United States District Court for the Central District of California. Docket No. 3. Plaintiff filed a response. Docket No. 4.[1]

The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). If a case has been filed in the wrong district, the district court in which the case has been incorrectly filed has the discretion to transfer such case to any district in which it could have been brought. 28 U.S.C. § 1406(a).

Although the complaint lacks detail, the case arises out of a public defender's work in defending Plaintiff in proceedings in California. *See, e.g.*, Docket No. 1-1. More specifically, Plaintiff argues that his defense counsel could have had his criminal case dismissed had he raised

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

certain constitutional arguments. *See* Docket No. 4 at 4. The complaint states that the lawsuit arose in Los Angeles County. *See* Docket No. 1-2 at 2. California bar records also indicate that Defendant is a Los Angeles County Public Defender working in Van Nuys, California. *See White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (courts may take judicial notice of bar records). In short, Defendant's criminal defense of Plaintiff are the events giving rise to Plaintiff's claim and that criminal defense took place in Los Angeles County, California (not in southern Nevada).

Despite the above, Plaintiff's response to the order to show cause indicates that venue is proper in this District because he moved to Nevada after being released from custody in California and that some of his probationary requirements took place in Nevada. *See* Docket No. 4 at 3. This contention is unavailing. "[A]llegations regarding where Plaintiffs felt their injuries are irrelevant to the venue determination, which focuses on a defendant's actions." *Duarte v. Cal. Hotel & Casino*, 2009 WL 4668739, at *4 (D. Haw. Dec. 4, 2009). Courts reject the contention that venue is proper in a new state where the plaintiff continues feeling alleged harm stemming from an earlier event giving rise to the claim in another state. *See Harris v. United States*, 2019 WL 7834813, at *5 (C.D. Cal. Nov. 1, 2019) (allegations of continuing harm from alleged unlawful detention and actions while confined elsewhere did not create basis for venue), *adopted*, 2020 WL 402126 (C.D. Cal. Jan. 24, 2020); *see also, e.g.*, *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 736 (8th Cir. 1997); *Gamboa v. USA Cycling, Inc.*, 2013 WL 1700951, at *3 (C.D. Cal. Apr. 18, 2013); *Duarte*, 2009 WL 4668739, at *4.

Accordingly, it is hereby **ORDERED** that the Clerk of Court transfer this matter to the Central District of California (Western Division in Los Angeles) and that this case be closed.[2]

IT IS SO ORDERED.

Dated: February 24, 2025

                                                  Nancy J. Koppe
                                                  United States Magistrate Judge

---

[2] An order transferring a case to another federal jurisdiction is a nondispositive matter that is within a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See in re U.S. Dept. of Ed.*, 25 F.4th 692, 698-99 (9th Cir. 2022).